UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                      No. 01-4194

DON LAMONT WILKERSON,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-00-127)

Submitted: April 23, 2002

Decided: May 14, 2002

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Rico Moore, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Don Lamont Wilkerson appeals his conviction on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Wilkerson sought to suppress evidence that was seized from his apartment pursuant to a search warrant. When the district court denied his motion to suppress, Wilkerson entered a conditional guilty plea to the offense, preserving his right to appeal the district court's ruling. He was sentenced to ninety-six months imprisonment followed by three years of supervised release.

We review de novo the district court's conclusions on probable cause under the Fourth Amendment. *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996). Under *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978), a defendant can attack a facially adequate affidavit that supports a search warrant in limited circumstances. If a defendant establishes that a material false statement essential to the finding of probable cause was included in the affidavit, and that the misstatement was made knowingly or with reckless disregard for its falsity, then the seized evidence should be suppressed. *Id.*; *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). Similarly, the intentional or reckless omission of material information necessary to the finding of probable cause should result in suppression of evidence. *Colkley*, 899 F.2d at 300-01.

Here, the district court did not err when it concluded that no misstatement or omission from the affidavit was either intentional or made with reckless disregard for the truth. Furthermore, the information allegedly omitted from the affidavit, the mental condition of the informant, was not essential to the finding of probable cause. Therefore, this claim lacks merit.

Accordingly, we affirm Wilkerson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*